IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02748-RBJ

WILDEARTH GUARDIANS

        Plaintiff,

v.

GINA McCARTHY, in her official capacity as Administrator
of the United States Environmental Protection Agency

        Defendant.

---

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

**INTRODUCTION**

    1.    Nitrogen dioxide ("$NO_2$") is a toxic gas that poses myriad health risks including premature death, increased hospital admissions, asthma attacks, aggravation of heart disease, and reduced lung function and respiratory infections, particularly among children and those with lung diseases. $NO_2$ is a byproduct of combustion, usually emitted from tailpipes and smokestacks. It also reacts in the atmosphere to form ground-level ozone and particulate matter, both of which are also harmful to human health. To safeguard public health, on January 22, 2010 the United States Environmental Protection Agency ("EPA") promulgated a new National Ambient Air Quality Standard ("NAAQS") for $NO_2$. This primary NAAQS sets an allowable limit on concentrations of $NO_2$ in the air we breathe to no more than 100 parts per billion, averaged over one hour.

    2.    Under the Clean Air Act, each State is required to submit a State Implementation Plan ("SIP") within three years following the revision or promulgation of a primary NAAQS.

For the 2010 NO$_2$ NAAQS, the three-year period expired on January 22, 2013. As of the date of this Complaint, <u>eleven</u> western States have failed to fully submit their required SIPs, including <u>Alaska,</u> Colorado, <u>Hawaii,</u> Idaho, New Mexico, Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming.

      3.     Under the Clean Air Act, within six months after the date by which a State is required to submit a SIP, the Administrator of the EPA is required to make a finding as to whether the State submitted a sufficient SIP, often referred to as a "finding of failure to submit." For the 2010 NO$_2$ NAAQS, the six-month period expired on July 22, 2013. The Administrator has failed to issue the mandatory finding regarding the insufficient SIP submissions of <u>Alaska,</u> Colorado, <u>Hawaii,</u> Idaho, New Mexico, Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming.

      4.     This suit challenges the failure of the EPA Administrator (hereafter "Administrator" or "EPA") to perform a nondiscretionary duty under the Clean Air Act. 42 U.S.C. § 7604(a)(2). Plaintiff WildEarth Guardians ("Guardians") seeks to compel the Administrator to undertake her mandatory duty and ensure that public health is protected in the ~~nine~~ <u>eleven</u> States that have failed to fully submit SIPs for the 2010 NO$_2$ NAAQS.

## JURISDICTION AND VENUE

      5.     This is a Clean Air Act citizen suit against the Administrator where there is an alleged failure of the Administrator to perform a nondiscretionary act or duty under the Clean Air Act. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 7604(a)(2) (citizen suit provision of the Clean Air Act).

6. The requested declaratory and injunctive relief is authorized by 28 U.S.C. § 2201(a) (declaratory relief), 28 U.S.C. § 2202 (further relief), and 42 U.S.C. § 7604(a) (providing District Court jurisdiction to order Administrator to perform nondiscretionary duty).

7. By letters dated August 1, 2013 and November 11, 2013, Guardians provided the Administrator with written notice of the claims stated in this action. Guardians provided this notice pursuant to 42 U.S.C. § 7604(b)(2), and 40 C.F.R. §§ 54.2 and 54.3. More than 60 days have elapsed since Guardians gave notice. There exists between the parties an actual, justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

**8.** Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(e)(1)-(3). EPA maintains a Regional Office in Denver, Colorado. The Denver Regional Office oversees four of the eleven States at issue (more than or as much as any other EPA Regional Office) and is, in part, responsible for ensuring the EPA performs the nondiscretionary duty at issue in this Complaint. A substantial part of the events or omissions giving rise to Guardians' claims occurred in EPA's Denver office. Guardians also maintains a major office in Denver, Colorado.

## PARTIES

9. Plaintiff WILDEARTH GUARDIANS is a non-profit conservation organization. Guardians is dedicated to protecting and restoring wildlife, wild rivers, and wild places in the American West, and to safeguarding the Earth's climate and air quality. Guardians and its members work to reduce harmful air pollution in order to safeguard public health, welfare, and the environment.

10. Guardians is a non-profit corporation. Guardians is a "person" within the meaning of 42 U.S.C. § 7602(e). Guardians may commence a citizen suit under the Clean Air Act, 42 U.S.C. § 7604(a).

11. Guardians has approximately 22,000 activists and members, many of whom live, work, or recreate in the ~~nine~~ <u>eleven</u> States at issue. These members recreate outdoors frequently, commute to work on bicycle, and depend on clean air for their quality of life. These members are harmed by the failure of the Administrator to perform her nondiscretionary duty. This harm stems primarily from the failure of the EPA to ensure that air quality is sufficiently protected in a timely manner. This harm would be eliminated or reduced if EPA performed the nondiscretionary duty.

12. The violation at issue in this complaint relates to the EPA's failure to ensure that <u>Alaska,</u> Colorado, <u>Hawaii,</u> Idaho, New Mexico, Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming fully implement the 2010 $NO_2$ NAAQS in accordance with statutory deadline. All ~~nine~~ <u>eleven</u> States have failed to meet the required deadline for submitting their SIPs. This failure denies Guardians' members the air quality protection mandated by the Clean Air Act. EPA's failure to perform its nondiscretionary duty means that implementation of the 2010 $NO_2$ NAAQS in the ~~nine~~ <u>eleven</u> States will be delayed. By failing to ensure that SIPs are submitted in accordance with the Clean Air Act, EPA is denying Guardians' members the timely protection of air quality that would otherwise result if EPA followed the statutory deadline for action.

13. For WildEarth Guardians' members living, working, and recreating in the ~~nine~~ <u>eleven</u> States, the harm associated with EPA's failure to perform its nondiscretionary duty is very real. Guardians has members that reside and work near busy roadways and large industrial facilities whose ability to enjoy life and productively work are harmed by the failure of EPA to ensure that States are appropriately limiting $NO_2$ pollution to protect their health.

14. WildEarth Guardians' members are also currently exposed to $NO_2$ when

recreating on public lands near oil and gas and coal mining operations, which emit this pollutant. Their ability to fully enjoy recreating on public lands is harmed by the EPA's failure to ensure that $NO_2$ is limited to protect their health.

15. The violation alleged in this Complaint also deprives Guardians and its members of certain procedural rights. If EPA performed the nondiscretionary duty at issue in this Complaint, it would trigger a two-year timeline during which EPA would either have to approve a SIP, adopt a Federal Implementation Plan ("FIP"), or partially approve a SIP and partially adopt a FIP. Any action on a SIP or promulgation of a FIP would be subject to public notice and opportunity to comment in accordance with federal rulemaking requirements. Thus, Guardians and its members would have an opportunity to weigh in on the adequacy of any SIP or FIP and influence the outcome of EPA's ultimate rulemaking.

16. The violations alleged in this Complaint have injured and continue to injure the interests of Guardians and its members. This injury is traceable to EPA's failure to perform a nondiscretionary duty. Granting the requested relief would redress these injuries by compelling EPA action that Congress determined to be an integral part of the regulatory scheme for attaining the NAAQS.

17. Defendant, GINA McCARTHY, is the Administrator of the United States Environmental Protection Agency. As Administrator, Ms. McCarthy is charged with implementation and enforcement of the Clean Air Act, including carrying out the nondiscretionary duty at issue in this case. Ms. McCarthy is sued in her official capacity.

## **LEGAL FRAMEWORK**

18. The Clean Air Act establishes a partnership between EPA and the States for the attainment and maintenance of the NAAQS. See 42 U.S.C. § 7401 et seq. This partnership is

intended to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again." H.R. Rep. No. 91-1146, at 1 (1970), *reprinted in* 1970 U.S.C.C.A.N. 5356, 5356.  Towards this end, EPA has set NAAQS for seven pollutants.  See 40 C.F.R. §§ 50.4-50.17.  NAAQS are standards, the attainment and maintenance of which, are requisite to the protection of public health and welfare.  See 42 U.S.C. §§ 7409(b)(1) and (2).  The NAAQS must be reviewed and, if appropriate, revised every five years.  See 42 U.S.C. § 7409(d)(1).

19. Upon promulgation or revision of a NAAQS, States, or regions within a State, must adopt SIPs containing enforceable emissions limitations necessary to attain the NAAQS and meet applicable requirements of the Clean Air Act, including, among other things, ensuring attainment, maintenance, and enforcement of the NAAQS.  See e.g. 42 U.S.C. §§ 7410(a)(1) and (a)(2)(A)-(M).

20. The specific requirements for attaining, maintaining, and enforcing the NAAQS include: setting enforceable emission limits, 42 U.S.C. § 7410(a)(2)(A); establishment and operation of monitoring systems, Id. § 7410(a)(2)(B); enforcement programs, Id. § 7410(a)(2)(C); limits on interstate transport of air pollution, Id. § 7410(a)(2)(D); assurances of adequate authority to regulate air quality, Id. § 7410(a)(2)(E); monitoring of emissions from stationary sources, Id. § 7410(a)(2)(F); authority to exercise emergency powers, Id. § 7410(a)(2)(G); provisions that provide for the revision of SIPs, Id. § 7410(a)(2)(H); meeting consultation, public notification, and prevention of significant deterioration requirements, Id. § 7410(a)(2)(J); providing for the modeling of air quality, Id. § 7410(a)(2)(K); establishing permitting fees, Id. § 7410(a)(2)(L); and ensuring consultation and participation by local entities, Id. 7410(a)(2)(M).  These requirements are collectively referred to as the "general infrastructure

elements." See EPA, State Implementation Plan Overview, available at

http://www.epa.gov/air/urbanair/sipstatus/overview.html (last viewed ~~Oct. 7, 2013~~ January 21, 2014) – hence, such SIPs are often referred to as "Infrastructure SIPs." The requirements of 42 U.S.C. § 7410(a)(2)(D) are often also referred to as the "good neighbor elements," because they require States to limit the transport of air pollution to neighboring States. Additionally, the requirements of 42 U.S.C. § 7410(a)(2)(I) relate to areas designated as "nonattainment areas," and are subject to separate deadlines set forth under other provisions of the Clean Air Act, rather than the three-year deadline under 42 U.S.C. § 7410(a)(1).

21.     All such SIPs must be submitted to EPA, reviewed by EPA for their consistency with the Clean Air Act, and either approved, disapproved, or partially approved and partially disapproved by EPA. See 42 U.S.C. §§ 7410(a)(1), (k), and (l).

22.     When promulgation or revision of a NAAQS triggers SIP submissions, EPA is required to make a finding as to whether each State has submitted the required SIP no later than six months after the required SIPs were due. 42 U.S.C. § 7410(k)(1)(B). If EPA finds that a State has failed to make the required SIP submission ("finding of failure to submit"), the EPA has two years by which it must promulgate a Federal Implementation Plan ("FIP") or approve the required SIP, in whole or part. 42 U.S.C. § 7410(c)(1)(A). A FIP is "a plan (or portion thereof) promulgated by [EPA] to fill all or a portion of a gap or otherwise correct all or a portion of an inadequacy in a [SIP], and which includes enforceable emission limitations or other control measures, means or techniques (including economic incentives, such as marketable permits or auctions of emissions allowances), and provides for attainment of the relevant [NAAQS]." 42 U.S.C. § 7602(y).

23. If EPA fails to comply with a nondiscretionary duty, including performing its duty to make a finding that a State has failed to submit a required SIP, the Clean Air Act allows any person to bring suit to compel EPA to perform its duty. See 42 U.S.C. § 7604(a)(2).

**FACTUAL ALLEGATIONS**

24. $NO_2$ is one of a group of highly reactive gases known as "oxides of nitrogen" or "nitrogen oxides ($NO_x$)." Nitrogen oxides contribute to a number of air pollution problems, including ground level ozone (smog), acid rain, global warming, visibility impairment, and the production of airborne toxic chemicals and particles. They are also harmful alone, causing human respiratory system damage, heart disease aggravation, and premature death. See U.S. EPA, $NO_x$ -How nitrogen oxides affect the way we live and breathe, available at http://www.nchh.org/Portals/0/Contents/EPA_Nitrogen_Oxides.pdf (last viewed ~~October 7, 2013~~ January 21, 2014).

25. Nitrogen oxides form when fuel is burned at high temperatures, as in a combustion process. The primary sources of $NO_x$ are motor vehicles, electric utilities, and other industrial, commercial, and residential sources that burn fuels. Id. $NO_x$ emissions are a growing air pollution problem throughout the U.S. Unlike each of the five other principal air pollutants – carbon monoxide, lead, particulate matter, sulfur dioxide, and volatile organic compounds – which have all decreased significantly since EPA began tracking emissions in 1970, emissions of $NO_x$ have increased approximately 10 percent since 1970. Id.

26. The EPA's National Ambient Air Quality Standard uses $NO_2$ as the indicator for the larger group of nitrogen oxides. $NO_2$ forms quickly from emissions from cars, trucks and buses, power plants, and off-road equipment. The EPA first set national ambient air quality standards for $NO_2$ in 1971, setting both a primary standard (to protect health) and a secondary

8

standard (to protect the public welfare) at 0.053 parts per million, averaged annually. The Agency has reviewed the standards twice since that time, but chose not to revise the annual standards at the conclusion of each review.

27. On January 22, 2010, the EPA promulgated a new $NO_2$ NAAQS, limiting concentrations to no more than 100 parts per billion, averaged over one hour. See 75 Fed. Reg. 26, 6474 (February 9, 2010). This primary standard, together with the primary standards set in 1971, protect public health, including the health of sensitive populations – people with asthma, children, and the elderly.

28. Under the Clean Air Act, each State was required to submit a revised SIP to EPA within three years of the promulgation of the 2010 $NO_2$ NAAQS. In assuring that their SIPs would attain and maintain the new NAAQS in accordance with Section 110(a)(1), each State was required to ensure their SIPs include the requirements set forth under Section 110(a)(2)(A)-(M).

29. The States of Alaska, Colorado, Hawaii, Idaho, New Mexico, Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming, failed to fully submit the required SIPs for the 2010 $NO_2$ NAAQS by January 22, 2013. As of the date of this Complaint, these ~~nine~~ eleven States still have not fully submitted the required SIPs.

30. The States of Colorado, Idaho, and Utah have failed to submit SIPs to meet the requirements of 42 U.S.C. § 7410(a)(2)(D). The remaining States, including Alaska, Hawaii, New Mexico, Oklahoma, Oregon, South Dakota, Washington, and Wyoming, have failed to submit SIPs to meet any of the requirements set forth at 42 U.S.C. § 7410(a)(2)(A)-(M).

31. In accordance with the Clean Air Act, EPA was required to make a finding by July 22, 2013 that Alaska, Colorado, Hawaii, Idaho, New Mexico, Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming failed to make the required SIP submissions. The

EPA has not made such a finding as of the date of this Complaint. Therefore, EPA is in violation of a nondiscretionary duty under the Clean Air Act.

## CLAIM FOR RELIEF

(EPA's Failure to Make a Finding that <u>Alaska,</u> Colorado, <u>Hawaii,</u> Idaho, New Mexico, Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming Have Failed to Submit Required SIPs)

32. Guardians hereby incorporates by reference all allegations in the proceeding paragraphs.

33. In accordance with Section 110(a)(1) of the Clean Air Act, each State was required to submit to the EPA a SIP to implement the 2010 $NO_2$ NAAQS within 3 years of the promulgation of the 2010 $NO_2$ NAAQS and therefore no later than January 22, 2013. 42 U.S.C. § 7410(a)(1).

34. The States of <u>Alaska,</u> Colorado, <u>Hawaii,</u> Idaho, New Mexico, Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming failed to submit full SIPs for the 2010 $NO_2$ NAAQS by January 22, 2013. As of the date of this Complaint, Colorado, Idaho, and Utah have failed to submit SIPs to meet the requirements of 42 U.S.C. § 7410(a)(2)(D). As of the date of this Complaint, <u>Alaska, Hawaii,</u> New Mexico, Oklahoma, Oregon, South Dakota, Washington, and Wyoming have failed to submit SIPs to meet any of the requirements at 42 U.S.C. § 7410(a)(2)(A)-(M).

35. In accordance with Section 110(k)(1)(B) of the Clean Air Act, EPA was required to make a finding regarding the completeness of each State's SIP submission within six months after the date by which the States were required to submit their SIPs and therefore no later than July 22, 2013. 42 U.S.C. § 7410(k)(1)(B).

36. The EPA failed to make a finding by July 22, 2013 that <u>Alaska,</u> Colorado, <u>Hawaii,</u> Idaho, New Mexico, Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming failed to fully submit SIPs for the 2010 $NO_2$ NAAQS. As of the date of this Complaint, EPA still has not made a finding that Alaska, Colorado, Hawaii, Idaho, New Mexico,

Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming failed to submit the required SIPs.

37.    Accordingly, EPA has violated and continues to violate its mandatory, nondiscretionary duty under 42 U.S.C. § 7410(k)(1)(B).

38.    This violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator" within the meaning of the Clean Air Act's citizen suit provision. 42 U.S.C. § 7604(a)(2). EPA's violation is ongoing and will continue unless this Court grants the requested relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.    Declare that Defendant has violated and is in violation of her mandatory, nondiscretionary, duty under 42 U.S.C. § 7410(k)(1)(B) to make a finding that <u>Alaska,</u> Colorado, <u>Hawaii,</u> Idaho, New Mexico, Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming have failed to submit the SIPs required by the Clean Air Act, 42 U.S.C. § 7410(a)(1);

B.    Order Defendant to perform her mandatory, nondiscretionary, duty under 42 U.S.C. § 7410(k)(1)(B) by a date certain to make a finding that <u>Alaska,</u> Colorado, <u>Hawaii,</u> Idaho, New Mexico, Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming have failed to submit the required SIPs to ensure implementation of the 2010 $NO_2$ NAAQS in those States;

C.    Retain jurisdiction to ensure compliance with the Court's injunctive orders;

C.    Grant Plaintiff's costs of litigation, including reasonable attorneys' fees pursuant to 42 U.S.C. § 7604(d); and

D.    Grant Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted this ~~9th day of October, 2013~~ <u>23rd day of January, 2014</u>.

/s/ Roberta Traverso-Estes  
CO Bar. No. 43906  
3356 Stuart St  
Denver, CO 80212  
(503) 453-3360  
Rtraversoestes@gmail.com  

/s/ Samantha Ruscavage-Barz  
NM Bar. No. 23276  
WildEarth Guardians  
516 Alto Street  
Santa Fe, NM 87501  
(505) 401-4180  
sruscavagebarz@wildearthguardians.org  

*Attorneys for Plaintiff WildEarth Guardians*