## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02748-RBJ

WILDEARTH GUARDIANS,

       Plaintiff,

v.

GINA McCARTHY, in her official capacity as Administrator
of the United States Environmental Protection Agency,

       Defendant.

## CONSENT DECREE

This Consent Decree ("Consent Decree") is entered into by Plaintiff WildEarth Guardians ("Guardians") and by Defendant Gina McCarthy, in her official capacity as Administrator of the United States Environmental Protection Agency ("EPA").

RECITALS

A. Plaintiff Guardians filed its Complaint in this matter on October 8, 2013. In the Complaint, brought as a citizens' suit under the Clean Air Act, 42 U.S.C. § 7604, Plaintiff alleged that Defendant EPA failed to perform nondiscretionary duties to make findings that the States of Colorado, Idaho, New Mexico, Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming had failed to submit required "State Implementation Plans" ("SIPs") regarding the "National Ambient Air Quality Standard" ("NAAQS") adopted by EPA for 1-hour $NO_2$ in 2010. 75 Fed. Reg. 6474 (Feb. 9, 2010).

B. On January 24, 2014, Plaintiff filed its "Amended Complaint for Declaratory and

1

Injunctive Relief" ("Amended Complaint").  The Amended Complaint added the States of Alaska and Hawaii to the list of States that had not timely submitted $NO_2$ NAAQS SIPs. In its prayer for relief, Plaintiff sought (i) a declaratory judgment that Defendant EPA failed to perform a nondiscretionary duty to make findings that the States listed above had not timely submitted SIPs regarding the 1-hour $NO_2$ NAAQS issued by EPA in 2010; (ii) an order requiring EPA to make such findings by a date certain; (iii) Plaintiff's reasonable costs of litigation pursuant to 42 U.S.C. § 7604(d); and (iv) a determination that the Court will retain jurisdiction over this matter to ensure compliance with the Court's orders.

   C.  The State of Oklahoma, the Oklahoma Department of Environmental Quality, and the State of Wyoming moved to intervene, and their intervention was granted by the Court on February 11, 2014, and February 26, 2014, respectively.

   D.  Intervenor State of Wyoming submitted a 1-hour $NO_2$ NAAQS SIP to EPA for approval on January 24, 2014, and Intervenor State of Oklahoma submitted a 1-hour $NO_2$ NAAQS SIP to EPA for approval on March 10, 2014.  In addition, New Mexico submitted a 1-hour $NO_2$ NAAQS SIP to EPA for approval on March 27, 2014; Idaho made such a SIP submission to EPA on September 16, 2013; Oregon on December 27, 2013; South Dakota on October 29, 2013; Utah on December 12, 2012; Colorado on March 7, 2013; and Hawaii made such a submission on April 4, 2014.

   E.  As of the date of lodging of this Consent Decree with the Court, EPA has not yet made a finding of failure to submit for any State regarding infrastructure SIPs for the 2010 1-hour $NO_2$ NAAQS.

   F.  Guardians and EPA have agreed to settlement of this case without any admission of any issue of fact or law, which settlement they consider to be a just, fair, adequate, and equitable

2

resolution of the claims raised in this action.

G. It is in the interest of the public, the parties, and judicial economy to resolve the issues in this action without protracted litigation.

H. The Court, by entering this Consent Decree, finds that this Consent Decree is fair, reasonable, in the public interest, and consistent with the Clean Air Act, 42 U.S.C. §§ 7401 *et seq*.

## AGREEMENT AND ORDER

NOW, THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the parties, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Court has subject matter jurisdiction over the claims set forth in the Amended Complaint and to order the relief contained in this Consent Decree.

2. Venue is proper in the United States District Court for the District of Colorado.

3. Guardians and EPA shall not challenge the terms of this Consent Decree or the Court's jurisdiction to enter and enforce this Consent Decree. This Consent Decree constitutes a complete and final resolution of all claims that have been asserted or that could have been asserted in the Amended Complaint regarding any alleged EPA failure to perform a nondiscretionary duty to make findings that a State has failed to submit a 1-hour $NO_2$ NAAQS SIP, except as set forth in the second clause of the first sentence of Paragraph 5 below.

4. This Consent Decree will become effective upon the date of its entry by the Court. If for any reason the Court does not enter the Consent Decree, the obligations set forth in this Decree are null and void.

5. On or before November 15, 2014, EPA shall sign for publication in the Federal

Register a finding of failure to submit all or portions of the SIP revisions required under CAA Sections 110(a)(2)(A), (B), (C), (D), (E), (F), (G), (H), (I), (J), (K), (L), and (M) with regard to the 2010 $NO_2$ NAAQS with regard to the States of Alaska and Washington; however, in light of the decision by the United States Supreme Court in *Environmental Protection Agency v. EME Homer City Generation, L.P.*, 134 S.Ct. 1584 (2014), the parties agree that this Consent Decree does not address any claim by Guardians that States are required to submit SIPs relating to the 2010 1-hour $NO_2$ NAAQS that include provisions relating to 42 U.S.C. § 7410(a)(2)(D)(i)(I). Within ten business days following signature of the finding, EPA will send the notice to the Federal Register for review and publication.

6. The deadline in Paragraph 5 may be extended by written stipulation executed by counsel for EPA and Guardians and filed with the Court. Any other extension of the deadline in Paragraph 5 or modification of this Consent Decree may be approved by the Court upon motion and pursuant to the Federal Rules of Civil Procedure by any party to the Consent Decree and upon consideration of any response by the non-moving party to the Consent Decree and reply by the moving party.

7. If a lapse in appropriations occurs within 60 days prior to the deadline set forth in Paragraph 5, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension, either by stipulation or Court order, pursuant to the procedures of Paragraph 6.

8. The parties agree that the State of Wyoming submitted the required infrastructure SIP on January 24, 2014, and therefore EPA shall not include Wyoming in any finding of failure to submit required by Paragraph 5 of this Consent Decree. The parties agree that the State of Oklahoma submitted the required infrastructure SIP provisions on March 10, 2014, and therefore

EPA shall not include Oklahoma in the finding of failure to submit required by Paragraph 5 of this Consent Decree.

      9. The United States agrees to pay Guardians as full settlement of all claims for attorneys' fees, costs, and expenses incurred in this litigation through the date of lodging this Consent Decree, under any authority, the sum of $10,905.00, as soon as reasonably practicable following entry of this Consent Decree, by electronic funds transfer to a bank account identified by Guardians. Guardians agrees to accept $10,905.00 in full satisfaction of any and all claims for costs and attorneys' fees with respect to this case, except that Guardians reserves the right to seek fees pursuant to 42 U.S.C. § 7604(d) for any additional work performed after the lodging of this Consent Decree, including attorneys' fees for any extensions of the deadline set forth in Paragraph 5 requested by EPA and costs and attorneys' fees for enforcement of the Consent Decree in the future. Nothing in this Paragraph shall be construed as an admission or concession by EPA that Guardians is entitled to or eligible for recovery of any costs or attorneys' fees, and EPA reserves all defenses with respect to any future fee claim. The amount of attorneys' fees or rates under this Paragraph shall have no precedential value in any future fee claim.

      10. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree and to resolve any disputes in accordance with Paragraph 14 of this Consent Decree. Once EPA has taken the actions called for in Paragraphs 5 and 8 of this Consent Decree, this Decree shall be terminated and the case dismissed with prejudice, except that the portion of Plaintiff's claim related to EPA's failure to make a finding of failure to submit with regards to section 110(a)(2)(D)(i)(I) of the CAA shall be dismissed without prejudice. The Parties may either jointly notify the Court that the Decree should be terminated and the case dismissed, or EPA may so notify the Court by motion. If EPA notifies the Court by motion, then Guardians

shall have twenty (20) days in which to respond.

11. Except as provided herein, nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any responses or final actions contemplated by this Consent Decree. EPA's obligation to perform the actions specified by Paragraph 5 by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this Paragraph.

12. The parties agree and acknowledge that final approval and entry of this proposed Consent Decree are subject to the requirements of 42 U.S.C. § 7413(g). That subsection provides that notice of this proposed Decree be given to the public and that the public shall have a reasonable opportunity to comment. EPA will promptly deliver a public notice of this Consent Decree to the Federal Register for publication and public comment after lodging this Consent Decree with the Court. After this Consent Decree has undergone an opportunity for notice and comment, EPA's Administrator and the Attorney General shall promptly consider any such written comments in determining whether to withdraw or withhold consent to this Consent Decree, in accordance with 42 U.S.C. § 7413(g). If the Administrator or the Attorney General elects not to withdraw or withhold consent to this Consent Decree, the Parties shall promptly file a motion that requests the Court to enter this Consent Decree. If the Administrator or Attorney General elects to withdraw or withhold consent to this Consent Decree pursuant to 42 U.S.C. § 7413(g), EPA shall promptly advise Plaintiff.

13. Nothing in the terms of this Consent Decree shall be construed to waive any remedies Guardians may have under CAA § 307(b)(1), 42 U.S.C. § 7607(b)(1), with respect to

any future challenges to the final action called for in Paragraph 5, and nothing in this Consent Decree shall be construed to create any such remedy.

14. Nothing in this Consent Decree shall be construed to provide the Court with jurisdiction over any challenges by Guardians, or any other person or entity not a party to this litigation, with respect to the final action called for in Paragraph 5.

15. In the event of a dispute between the parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting the other party to confer and attempt to reach an agreement on the disputed issue.  If the Parties cannot reach an agreed-upon resolution, then either Party may move the Court to resolve the dispute. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of court shall be filed unless the Party seeking to enforce this Consent Decree has followed the procedure set forth in this Paragraph.

16. It is hereby expressly understood and agreed that this Consent Decree was drafted by Guardians and EPA jointly, and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.  This Consent Decree shall be governed and construed under the laws of the United States.

17. The obligations imposed upon EPA under this Consent Decree may only be undertaken using appropriated funds.  No provision of this Decree shall be interpreted as, or constitute a commitment or requirement that, EPA will obligate funds in contravention of the Anti-deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation.

18. The undersigned representative of each Party certifies that she or he is fully

authorized to consent to the Court's entry of the terms and conditions of this Consent Decree.

19. Any written notice or other written communication between the parties contemplated under this Consent Decree shall be sent to the undersigned counsel at the email addresses listed in the signature blocks below unless written notice of a change in counsel and/or address is provided.

SO ORDERED this 13th day of November, 2014.

BY THE COURT:

_____
United States District Judge

FOR PLAINTIFF:

Dated: August 25, 2014        */s/ Roberta Traverso-Estes*
                              Roberta Traverso-Estes
                              3356 Stuart St
                              Denver, Colorado 80212
                              Tel: (503) 453-3360
                              RTraversoEstes@gmail.com

FOR DEFENDANT:

SAM HIRSCH
Acting Assistant Attorney General
Environment and Natural Resources Division

Dated: August 25, 2014   By:  */s/ Daniel Pinkston*
                              DANIEL PINKSTON
                              Environmental Defense Section
                              Environment and Natural Resources Division
                              United States Department of Justice
                              999 18th Street, South Terrace, Suite 370
                              Denver, Colorado 80202
                              Tel: (303) 844-1804
                              Daniel.Pinkston@usdoj.gov